

FILED BY_____D.C.

DEC 3 1 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**GERALD A. MONTAQUE, JR.**, Plaintiff

v.

**SCA AUCTIONS, LLC; TOKIO MARINE HCC / AMERICAN CONTRACTORS INDEMNITY COMPANY (ACIC); DAVE KERNER**, individually; **LEILANI PARRISH**, individually, Defendants.

**Case No.: 1:25-cv-23502-LMR**

## THIRD AMENDED COMPLAINT

## I. JURISDICTION AND VENUE

**1.** This civil action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, 18 U.S.C. §§ 1962(c)–(d), 18 U.S.C. §§ 1341 and 1343, and the Fourteenth Amendment.

**2.** This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**3.** This Court has authority to award damages and equitable relief under 18 U.S.C. § 1964 and 28 U.S.C. § 2201.

**4.** Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events occurred here.

## II. PARTIES

**5.** Plaintiff Gerald A. Montaque, Jr. is a private individual and purchaser of a motor vehicle through Defendant SCA Auctions, LLC.

**6.** Defendant SCA Auctions, LLC is a Florida limited liability company engaged in interstate commerce via online auctions, electronic invoicing, and interstate wire communications.

**7.** Defendant Tokio Marine HCC / American Contractors Indemnity Company (ACIC) is a surety and insurer engaged in interstate commerce.

**8.** Defendant Dave Kerner was, at all relevant times, Executive Director of the Florida Department of . Highway Safety and Motor Vehicles, and is sued solely in his individual capacity.

**9.** Defendant Leilani Parrish was, at all relevant times, an employee of FLHSMV Region 10 and is sued solely in her individual capacity.

## III. LIMITATION OF CLAIMS AND CAPACITY

**10.** Plaintiff does not sue FLHSMV as an entity and asserts no claims against the State of Florida.

11. Plaintiff does not assert respondeat superior or vicarious liability.

12. All claims asserted are federal claims; no state-law causes of action are pleaded.

## IV. FACTUAL BACKGROUND

13. Plaintiff purchased a motor vehicle through SCA's online auction platform after reviewing auction listings and representations transmitted via interstate internet and email communications.

14. SCA represented that the vehicle was legally eligible for title transfer and that no undisclosed legal impediments existed.

15. Plaintiff transmitted payment through interstate wire transfer in reliance on these representations.

16. After payment, Plaintiff encountered delays, contradictions, and conditions demonstrating that SCA's representations were false.

17. SCA continued transmitting assurances through electronic communications despite knowledge of title irregularities.

18. Plaintiff incurred financial loss, loss of use, and impairment of property rights as a result.

## V. NOTICE AND KNOWING RATIFICATION

19. Plaintiff submitted documentary evidence contradicting SCA's representations to insurance and regulatory channels.

20. This evidence demonstrated material inconsistencies, omissions, and misrepresentations.

21. Defendants Kerner and Parrish received or were made aware of this contradictory evidence.

22. Despite such notice, Defendants affirmatively relied upon and ratified SCA's version of events.

23. This conduct constituted knowing reliance on false evidence rather than mere failure to investigate.

## VI. RICO ENTERPRISE AND PATTERN

24. SCA Auctions, LLC operated an association-in-fact enterprise affecting interstate commerce.

25. The enterprise had a common purpose of generating revenue through vehicle auctions while misrepresenting title readiness.

26. The enterprise had relationships and longevity sufficient to pursue this purpose.

27. Plaintiff does not allege that state agencies were members of the enterprise.

## VII. CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. § 1983 (Procedural Due Process)

28. Defendants Kerner and Parrish, acting under color of state law, knowingly relied upon false evidence.

29. Their conduct deprived Plaintiff of constitutionally protected property interests without due process.

**30.** The rights violated were clearly established at the time of the conduct.

## COUNT II – RICO (18 U.S.C. § 1962(c))

**31.** Defendants SCA and ACIC conducted and participated in the enterprise's affairs through a pattern of wire fraud.

**32.** Plaintiff was injured in his business and property by reason of these violations.

## COUNT III – RICO CONSPIRACY (18 U.S.C. § 1962(d))

**33.** Defendants knowingly agreed and conspired to further the fraudulent scheme.

## VIII. DAMAGES

**34.** Plaintiff suffered actual damages including loss of vehicle value, out-of-pocket expenses, and loss of use.

**35.** Plaintiff seeks treble damages pursuant to 18 U.S.C. § 1964(c).

**36.** Plaintiff seeks punitive damages against individual defendants for constitutional violations.

**37.** The amount in controversy exceeds $2,000,000, exclusive of interest and costs.

## IX. JURY DEMAND

**38.** Plaintiff demands trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment in his favor, an award of damages, declaratory and injunctive relief, costs, and such further relief as the Court deems just and proper.

## XI. SIGNATURE

Respectfully submitted,

Gerald A. Montaque, Jr.
233 Glenwood Avenue
Syracuse, NY 13207
geraldmontaque89@gmail.com
Pro Se

Date: 12/27/2025

## XII. SUPPLEMENTAL FACTUAL ALLEGATIONS (ADDED — ORIGINAL ¶¶ 1–38 REMAIN UNCHANGED)

39. Plaintiff's transaction involved interstate commerce and interstate communications, including online auction listings, electronic invoices, email communications, and wire-transfer payment instructions transmitted via interstate wires.

40. On information and belief, SCA transmitted (and caused to be transmitted) electronic communications to Plaintiff representing that the Vehicle was eligible for lawful title transfer and that ownership paperwork would be provided as part of the transaction.

41. After Plaintiff paid, SCA continued to transmit communications through interstate wires and/or mails that (a) reassured Plaintiff that title/ownership paperwork was forthcoming, and/or (b) imposed shifting conditions and delays inconsistent with the initial representations.

42. Plaintiff alleges that SCA's post-payment conduct effectively used control of title/ownership paperwork as leverage—delaying or withholding documents necessary to register and lawfully use the Vehicle—thereby amplifying Plaintiff's losses.

43. Plaintiff further alleges that SCA demanded that Plaintiff execute a broad waiver or release of rights as a condition of receiving ownership paperwork, and that this demand was presented after payment, when Plaintiff had substantially performed and lacked practical alternatives.

44. Plaintiff submitted written complaints and supporting documentation to insurance and regulatory channels. Those submissions included the transaction history, the waiver demand, the title/document delay, and the resulting economic harms.

45. Plaintiff alleges that Defendants Kerner and Parrish were placed on notice—directly or through their chain of command and assigned complaint channels—of Plaintiff's documented dispute and the contradictions presented by SCA's position.

46. Despite such notice, Plaintiff alleges Defendants Kerner and Parrish took affirmative steps (or authorized outcomes) that adopted SCA's narrative and/or denied meaningful relief, including closing or denying complaints in a manner that treated SCA's assertions as dispositive.

47. Plaintiff alleges that these adverse decisions were not neutral adjudications and did not provide Plaintiff a meaningful opportunity to be heard on the specific documented contradictions and waiver-conditioning conduct.

48. Plaintiff alleges that the above conduct caused concrete harms including continued loss of use, additional towing/storage expenses, administrative costs, and impaired property rights tied to registration and lawful operation.

49. Plaintiff expressly pleads these supplemental allegations to provide additional Rule 8 and Rule 9(b) detail without converting this pleading into an evidentiary record. Plaintiff will prove these facts through discovery and admissible evidence.

## XIII. SUPPLEMENTAL RICO PARTICULARITY (RULE 9(b))

**50. Predicate Acts (Wire and Mail Fraud).** Plaintiff alleges that Defendants used interstate wires and/or mails to transmit materially false or misleading statements and omissions concerning title readiness, document delivery, and post-payment conditions, including waiver demands.

**51. Who.** Plaintiff alleges SCA (and persons acting for SCA) authored or caused the transmission of the misrepresentations; and that ACIC (and persons acting for ACIC) transmitted claim-handling communications and positions that furthered and perpetuated the scheme after notice of Plaintiff's fraud allegations.

**52. What.** The misrepresentations concerned (among other things) the Vehicle's eligibility for lawful title transfer, the timing and conditions for delivery of ownership paperwork, and whether SCA could lawfully condition title delivery on a waiver of rights.

**53. When.** The misrepresentations occurred before payment (to induce purchase and payment) and after payment (to delay, leverage, and suppress disputes), including during the period of Plaintiff's complaints to regulatory and insurance channels.

**54. How.** The communications were transmitted through email, online portals, electronic invoicing, and written correspondence, each an instrumentality of interstate commerce.

**55. Reliance and Injury.** Plaintiff relied on the representations in paying for the Vehicle and in continuing to incur expenses and delays based on repeated assurances. Plaintiff suffered injury to business or property as described in ¶¶ 18 and 48.

## XIV. SUPPLEMENTAL § 1983 DETAIL (INDIVIDUAL CAPACITY AND JOINT ACTION)

**56. Personal Participation / Ratification.** Plaintiff alleges Defendants Kerner and Parrish personally participated in, directed, approved, or knowingly ratified complaint outcomes and positions that treated SCA's narrative as controlling despite documented contradictions submitted by Plaintiff.

**57. Color of Law.** Plaintiff alleges the above acts were taken under color of state law because Defendants exercised authority derived from their positions within FLHSMV and used state power in connection with title/records and complaint-handling channels.

**58. Process Denied.** Plaintiff alleges that Defendants' actions effectively denied Plaintiff meaningful procedural safeguards—notice of the true basis for adverse decisions and a meaningful opportunity to respond to and correct the record—resulting in deprivation of protected property interests.

**59. Joint Action.** Plaintiff alleges SCA was a willful participant in joint action with state actors where state authority was used to validate or reinforce SCA's withholding/delay of ownership paperwork and to suppress Plaintiff's attempt to obtain correction and relief.

**60. Clearly Established.** At all relevant times it was clearly established that state actors may not deprive a person of protected property interests through knowing reliance on false evidence or pretextual process.

## XV. REAFFIRMATION OF ORIGINAL CLAIMS

**61.** Nothing in Sections XII–XIV limits, replaces, or withdraws any allegation in paragraphs 1–38. Plaintiff reaffirms each allegation as pleaded and adds the foregoing detail in support of the same federal causes of action.

Gerald A. Montague JR.



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7021 0350 0002 3439 7956